HIRAM STROUT *vs.* JOHN HARPER.

Oxford.    Opinion May 26, 1881.

*Deed.   "Standing wood."   Evidence.*

A reservation of "all the standing wood upon a lot, together with the right to enter and remove the same at any time within three years," in a deed of conveyance of real estate will include trees suitable for timber as well as trees suitable for fuel, when there is nothing in any other part of the deed,

to indicate that the term "standing wood" is used in a more limited sense. And parol evidence is not admissible to show that the words were used in a more limited sense.

ON REPORT.

Trespass for cutting and removing from plaintiff's close thirty large hemlock trees.

The defendant claimed the trees under a reservation in the following deed from him to the plaintiff.

(Deed.)

"Know all men by these presents, that I, John Harper of Oxford, in the county of Oxford and State of Maine, in consideration of one thousand dollars, paid by Hiram Strout of Poland, in the county of Androscoggin and State of Maine, the receipt whereof I do hereby acknowledge, do hereby give, grant, bargain, sell and convey unto the said Hiram Strout, his heirs and assigns forever, a certain lot or parcel of land situated in Oxford, in the county of Oxford and State of Maine, meaning to convey the same piece of land with the buildings thereon, which I received of Polly Gammon, and all by deed of warranty, dated May 3, 1871, and recorded in Oxford registry of deeds, May 15, 1871, Book 161, p. 186, reserving all the standing wood upon the lot, together with the right to enter and remove the same at any time within three years from the date hereof, excepting the wood standing upon the so called home lot, and meaning all the wood on the west side of a line beginning at the end of the stone wall in the pasture, and running southerly in a straight line, to the west corner of land owned by Abner Thayer.

"To have and to hold the aforegranted and bargained premises, with all the privileges and appurtenances thereof to the said Hiram Strout, his heirs and assigns to their use and behoof forever. And I do covenant with the said grantee, his heirs and assigns that I am lawfully seized in fee of the premises; that they are free of all incumbrances; that I have good right to sell and convey the same to the said grantee, to hold as aforesaid. And that I and my heirs shall and will warrant and defend the same to the said grantee, his heirs and assigns forever, against the lawful claims and demands of all persons.

"In witness whereof, I, the said grantor, and Mary C. Harper, wife of the said John Harper, in testimony of her relinquishment of her right of dower in the above-described premises, have hereunto set our hands and seals this twenty-third day of May, in the year of our Lord one thousand eight hundred and seventy-six.

JOHN HARPER.        [SEAL.]

MARY C. HARPER.        [SEAL.]

Signed, sealed and delivered in presence of
  GEORGE HAZEN, to J. H.

"State of Maine, Oxford, ss:—May 23, 1876. Personally appeared the above named John Harper, and acknowledged the above instrument to be his free act and deed. Before me,

GEORGE HAZEN, Justice of the Peace,

for Cumberland county.

"Oxford, ss:—Registry of Deeds. Received August 6, 1877, at 5 H. — M., P. M. and recorded in book 178, p. 251.

  Attest,        .        WM. K. GREENE, Register.

*J. M. Libby*, for the plaintiff, contended that the claim made by the defendant, is the proper subject of an exception and not of a reservation in a deed. But if it could be reserved, then counsel contended, that the word "wood" was the pivotal word and was used in its common and ordinary signification—to designate those sorts of the genus that are commonly used for fuel.

Words are to be taken in their popular and ordinary meaning and most strongly against the party using them.    2 Kent's Com. 756, 758.

Of two possible constructions or uses of the word "wood" that which is least favorable to the party using it, the defendant, should be adopted.    The words "wood" and "timber" have well defined meanings in their use in this State and in their common and ordinary signification the one does not include the other. The distinction is every where kept up in the statutes.    See chapters on State lands, waste, trespass, &c.

If the defendant's claim is correct he might cut down and destroy the plaintiff's orchard of fruit trees, the shrubbery and

flowers about the house, and even the house itself—all standing wood in the generic sense.

*John J. Perry,* for the defendant.

WALTON, J. A parcel of land was conveyed "reserving all the standing wood upon the lot, together with the right to enter and remove the same at any time within three years." The question is whether the reservation included trees suitable for timber, or was limited to such as were fit only for fuel. We think it included both kinds. The words used are "all the standing wood upon the lot." Not part of it; not such as is fit only for fuel; but all of it. We think such a reservation must be held to include trees suitable for timber as well as trees suitable only for fuel. True, the word "wood" is often used to designate fuel. But when so used it means fuel wholly, or, at least, partially, prepared for the fire. The term "standing wood" cannot be so used. It can apply only to trees. And when there is nothing in the context, or in any other part of the deed, to indicate that it is used in a more limited sense, we think it must be held to include all the trees — trees suitable for timber as well as those fit only for fire-wood. And parol evidence is not admissible to show that the words were used in a more limited sense.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.